IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE THE COMPLAINT AND PETITION OF TRACY JAY WRIGHT, AS OWNER OF A 1983 BUILT 26/28 FOOT CAJUN BOAT BEARING SERIAL NUMBER: LEL 15236M831, HER ENGINE, GEAR, TACKLE, APPURTENANCES, ETC., FOR EXONERATION FROM OR LIMITATION OF LIABILITY | C.A. NO: _____<br><br>In Admiralty Pursuant to Rule 9(h) |

**COMPLAINT AND PETITION FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Tracy Wright, as Owner of a 1983 built 26/28 foot Cajun Boat bearing serial number: LEL 15236M831, her engine, gear, tackle, appurtenances, etc. (the "Vessel"), and files this Complaint and Petition for Exoneration From or Limitation of Liability and allege upon information and belief as follows:

1. This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under 28 U.S.C. § 1333 and the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

2. Petitioner Tracy Jay Wright was at all material times hereinafter mentioned an individual resident of Nueces County, Texas, and within the jurisdictional limits of this Honorable Court.

3. At all times hereinafter mentioned, Petitioner was the Owner of the Vessel under Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, and accordingly is entitled to the protections afforded by the Limitation of Liability Act.

4. At all times hereinafter mentioned, the Vessel, a 1983 built 26/28 foot Cajun Boat, was a tow vessel twenty-five feet in length and powered by a 2006 built 200 horsepower Honda outboard engine.

5. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter described the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

6. The remains of the Vessel are presently located at 500 S Point Avenue, Port Isabel, Texas 78578, and within this District.

7. On or about February 24, 2018, the Vessel commenced a voyage in the Port Isabel Turning Basin to assist a grounded boat. Wright Marine Service contacted Sara Murphy who represented she was able to assist. Murphy drove out to the stranded boat which was stuck on a sand barge and hooked up the tow boat to the stranded boat. At some point after the tow boat was hooked up to the stranded boat, the tow boat capsized. This accident damaged the Vessel, which has

been declared a constructive total loss. The accident resulted in the death of to one person aboard the Vessel, Sarah Murphy.

7. This Complaint is filed within six months from the date Petitioner first received notice of limitable claims.

8. Any and all injury, loss, destruction and damage arising out of or related to the above-described casualty event was no caused or contributed to by any fault, negligence or lack of due care on the part of the Petitioner or unseaworthiness or fault of the Vessel, or any person in charge of him, or any person for whom Petitioner was or is responsible. Petitioner reserves the right to amend and/or supplement this paragraph of his Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when facts surrounding the even become more fully known, and to prove them at the trial of this cause.

9. The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were not caused or contributed to, done, occasioned and/or incurred by any fault, negligence, unseaworthiness, or lack of due care on the part of Petitioner, or anyone for whom Petitioner is, or at any material time was, responsible.

10. The above-described incident, any physical damage, personal injury, death, contingent losses, expenses, costs, pollution, environmental damage, loss, destruction and damages were caused or contributed to, done, occasioned and/or

incurred without the privity or knowledge of Petitioner, or anyone for whom Petitioner is, or at any material time was, responsible.

11. Except as stated in Paragraph 15, *infra*, there are no demands, unsatisfied liens or claims of lien, in contract or in tort, arising from the Vessel's aforementioned voyage, so far as is known to Petitioner.

12. To the best of Petitioner's knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the Vessel, and the Vessel has not been and is not currently under seizure as a result of any claims or demands.

15. Petitioner further has been made aware that the following individuals have retained counsel, and accordingly aver that claims may be made by the following:

  a. Bill Murphy, Individually and on behalf of the Estate and Beneficiaries of Sara Murphy, deceased, represented by R. Blake Brunkenhoefer, of Brunkenhoefer, P.C. and Douglas D. McLallen, Sr., of Anderson, Lehrman, Barre & Maraist, L.L.P.;
  b. Donnie Williams, Individually and on behalf of Ocean Kyra Williams, minor daughter of Sara Murphy, deceased, represented by R. Blake Brunkenhoefer, of Brunkenhoefer, P.C. and Douglas D. McLallen, Sr., of Anderson, Lehrman, Barre & Maraist, L.L.P.;
  c. Mary Murphy, Individually, represented by R. Blake Brunkenhoefer, of Brunkenhoefer, P.C. and Douglas D. McLallaen, Sr., of Anderson, Lehrman, Barre & Maraist, L.L.P.; and,
  d. Matthew Murphy, Individually, represented by R. Blake Brunkenhoefer, of Brunkenhoefer, P.C. and Douglas D. McLallen, Sr., of Anderson, Lehrman, Barre & Maraist, L.L.P.

A petition has been filed by the above listed individuals styled Cause No. 2018CCV-60633-4; *BILL MURPHY, Individually (father) and on behalf of the Estate and Beneficiaries of SARAH MURPHY, deceased; DONNIE WILLIAMS, Individually (husband) and on behalf of OCEAN KYRA WILLIAMS, minor daughter of SARAH MURPHY, deceased; MARY MURPHY, Individually (mother); and MATTHEW MURPHY, Individually (brother) vs. TRACY JAY WRIGHT, Individually and d/b/a WRIGHT MARINE SERVICES, d/b/a "TowBoat U.S.-Port Isabel," d/b/a "TowBoatU.S.-NorthPadre" & BOAT/U.S., INC. d/b/a "BoatU.S." & d/b/a "TowBoatU.S."*; In the County Court at Law No. 4 of Nueces County, Texas.

16.     As the Vessel has not been arrested or libeled, and as the Vessel is within this District, Petitioner affirmatively shows that venue is proper in this District pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

17.     The entire aggregate amount or value of Petitioner's interest in the Vessel's aforementioned voyage and her then pending freight at the end of the above-described voyage on belief and knowledge does not exceed the sum of THIRTY THREE THOUSAND FOUR HUNDRED DOLLARS AND NO CENTS ($33,400.00). *See* Exhibit A, Affidavit of Value.

18.     The amount of the claims that are reasonably anticipated to arise from the events in question are expected to greatly exceed the amount and value of Petitioner's interest in the Vessel immediately after the events in question and at the time of the termination of the voyage, and her then pending freight.

19. Petitioner desires to contest its liability and the liability of the Vessel for any claims made against it as it has valid defenses in fact and in law thereto. Petitioner further claims the benefits of the Limitation of Liability Act, 46 U.S.C. app. §§ 181-189, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

20. While not in any way admitting that Petitioner bears any liability for the alleged injury, loss, and damages allegedly occurring as described above, Petitioner hereby claims and reserves the right to contest in this or any other Court any liability therefor, either of Petitioner or of the Vessel, and Petitioner claims and is entitled to have his liability, if any, limited to the amount or value of his interest in the Vessel following the events in question, in addition to any freight then pending.

21. Petitioner is ready and willing to give a Stipulation for Value with sufficient surety for the payment into the Court's registry of the amount or value of Petitioner's interest in the Vessel and her then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

22.     All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, Petitioner prays that:**

a.      That the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which Petitioner seeks limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

b.      the Court issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioner and/or the Vessel and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

c.      if any claimant, who shall file its claim under oath, shall file an exception controverting the value of the Vessel in its condition as alleged herein, the Court shall cause due appraisal to be made of the value of the Vessel and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioner's interest therein; and, in the event said appraised value exceeds the limitation

fund or security filed with Court, that this Honorable Court enter an Order for the payment into the Court of the higher value Petitioner's interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

d.  the Court adjudge that Petitioner is not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioner from liability therefor;

e.  in the alternative, if this Court should adjudge that Petitioner is liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amount of the interest of Petitioner in the Vessel and its pending freight, if any; that the monies paid or ordered to be paid may be divided *pro rata* among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioner from all other liabilities; and,

g.  that Petitioner have such other and further relief as justice may require, both general and special, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

BROWN SIMS

By: _____
Robert M. Browning
Texas State Bar No. 00796264
Federal I.D. No. 21097
Email: rbrowning@brownsims.com
Darah Eckert
Texas State Bar No. 24007141
Email: deckert@brownsims.com
Federal I.D. No. 1890045
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027

**ATTORNEY FOR PETITIONER
TRACY JAY WRIGHT**

## **VERIFICATION**

BEFORE ME, the undersigned authority, on this date personally came and appeared, Robert M. Browning, who being duly sworn, on his oath deposed and stated the following:

That he is a duly authorized attorney for Petitioner the owner of the 1983 built 26/28 foot Cajun Boat bearing serial number: LEL15236M831 at all times relevant to this Complaint.

That he has read the foregoing Complaint and knows the contents thereof; that the same are true and correct to the best of his knowledge, information, and belief; and the sources of the affiant's knowledge and the grounds of his belief are from documents in his possession.

_____
ROBERT M. BROWNING

SUBSCRIBED AND SWORN TO BEFORE ME, this 23rd day of August, 2018.

_____
Notary Public in and for
The State of Texas

CLAUDIAN C. JOSEPH
Notary Public, State of Texas
Comm. Expires 1/5/2020
Notary ID 124604614